TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

_____

| | | |
|---|---|---|
| OPINION | : | |
| | : | No. 94-304 |
| of | : | |
| | : | July 21, 1994 |
| DANIEL E. LUNGREN | : | |
| Attorney General | : | |
| | : | |
| ANTHONY S. Da VIGO | : | |
| Deputy Attorney General | : | |
| | : | |

_____

THE HONORABLE TRICE HARVEY, MEMBER OF THE CALIFORNIA STATE SENATE, has requested an opinion on the following question:

Under the provisions of the Subdivision Map Act, may two or more remainder parcels be designated when a developer subdivides portions of more than one parcel for the first phase of a housing development and intends later to subdivide the undeveloped portions for subsequent phases of the development?

CONCLUSION

Under the provisions of the Subdivision Map Act, two or more remainder parcels may not be designated when a developer subdivides portions of more than one parcel for the first phase of a housing development and intends later to subdivide the undeveloped portions for subsequent phases of the development.

ANALYSIS

We are advised that a developer plans to subdivide portions of contiguous parcels of land for the first phase of a housing development. The portions that are not part of the first phase will be subdivided later for the subsequent phases. For example, a developer purchases 3 contiguous parcels of 20 acres each. He plans as a first phase to subdivide five acres of each parcel into half-acre lots. We are asked whether, in creating the 30 lots, he may designate the remaining 15 acres of each original parcel as a "remainder parcel" on the maps of the subdivision. We conclude that he may not so designate these undeveloped areas.

The Subdivision Map Act (Gov. Code, §§ 66410-66499.37; "Act")[1] vests local governments with control over the design (§ 66418) and improvement (§ 66419) of land subdivisions in California (§ 66411; see *Morehart* v. *County of Santa Barbara* (1994) 7 Cal.4th 725, 748; *City of West Hollywood* v. *Beverly Towers, Inc.* (1991) 52 Cal.3d 1184, 1189). A subdivider must obtain approval of and record a subdivision map with the governing local entity before the resulting parcels may be sold, leased, or financed. A "parcel map" is required when creating four or fewer parcels (§ 66428), while a "tentative map" and "final map" (§ 66426) are required when creating five or more parcels under the Act's general provisions. (See *John Taft Corp.* v. *Advisory Agency* (1984) 161 Cal.App.3d 749, 755; *South Central Coastal Regional Comm.* v. *Charles A. Pratt Construction Co.* (1982) 128 Cal.App.3d 830, 845; *Simac Design, Inc.* v. *Alciati* (1989) 92 Cal.App.3d 146, 157-159.)[2]

The main purposes of the Act are to facilitate orderly community development and to protect the public from fraud and exploitation. (*South Central Coast Regional Comm.* v. *Charles R. Pratt Construction, Co.*, *supra*, 128 Cal.App.3d at 844-845; *Benny* v. *City of Alameda* (1980) 105 Cal.App.3d 1006, 1011; *Simac Design, Inc.* v. *Celciati, supra*, 92 Cal.App.3d at 157-158; *Pratt* v. *Adams* (1964) 229 Cal.App.2d 602, 605-606.)

As conditions of approving a subdivision map, a city or county may require the subdivider to install or pay fees for the installation of such improvements as streets, sewers, parks, and school facilities made necessary by development of the subdivision. (See, e.g., §§ 66419-66421, 66462-66485; *South Central Coast Regional Comm.* v. *Charles A. Pratt Construction Co.*, *supra*, 128 Cal.App.3d at 845, 74 Ops.Cal.Atty.Gen. 89, 91 (1991); 73 Ops.Cal.Atty.Gen. 152, 153 (1990); 66 Ops.Cal.Atty.Gen. 120, 121-123 (1983); 62 Ops.Cal.Atty.Gen. 246, 247 (1979).)

A "subdivision" for purposes of the Act's requirements is defined in section 66624 as follows:

"`Subdivision' means the division, by any subdivider, of any unit or units of improved or unimproved land, or any portion thereof, shown on the latest equalized county assessment roll as a unit or as contiguous units, for the purpose of sale, lease or financing, whether immediate or future except for leases of agricultural land for agricultural purposes. Property shall be considered as contiguous units, even if it is separated by roads, streets, utility easement or railroad rights-of-way. . . ."

The statute requiring our interpretation is section 66424.6 defining "remainder parcels." Section 66424.6 provides:

"(a)     When a subdivision, as defined in Section 66424, is of a portion of any unit or units of improved or unimproved land, the subdivider may designate as a remainder that portion which is not divided for the purpose of sale, lease, or financing. Alternatively, the subdivider may omit entirely that portion of any unit of improved or unimproved land which is not divided for the purpose of sale, lease,

---

[1]All references hereafter to the Government Code are by section number only.

[2]Divisions of land in violation of the Act may result in criminal prosecution (§ 66499.31), rescission of conveyance transactions (§ 66499.32), a claim for damages (§ 66499.32), a court injunction (§ 66499.32), and the withholding of development permits (§ 66499.34), among other consequences. (See Cal. Subdivision Map Act Practice (Cont.Ed.Bar 1987) §§ 8.1-8.8, pp. 197-205, hereafter "CEB"; Longtin, Cal.Land Use Regulations (2d ed 1987) §§ 6.60-6.62, pp. 702-707.)

or financing. If the subdivider elects to designate a remainder, the following requirements shall apply:

"(1)   The designated remainder shall not be counted as a parcel for the purpose of determining whether a parcel or final map is required.

"(2)   For a designated remainder parcel described in this subdivision, the fulfillment of construction requirements for improvements, including the payment of fees associated with any deferred improvements, shall not be required until a permit or other grant of approval for development of the remainder parcel is issued by the local agency or, where provided by local ordinance, until the construction of the improvements, including the payment of fees associated with any deferred improvements, is required pursuant to an agreement between the subdivider and the local agency. In the absence of that agreement, a local agency may require fulfillment of the construction requirements, including the payment of fees associated with any deferred improvements, within a reasonable time following approval of the final map and prior to the issuance of a permit or other grant of approval for the development of a remainder parcel upon a finding by the local agency that fulfillment of the construction requirements is necessary for reasons of:

"(A)   The public health and safety; or

"(B)   The required construction is a necessary prerequisite to the orderly development of the surrounding area.

"(b)   If the subdivider elects to omit all or a portion of any unit of improved or unimproved land which is not divided for the purpose of sale, lease, or financing, the omitted portion shall not be counted as a parcel for purposes of determining whether a parcel or final map is required, and the fulfillment of construction requirements of offsite improvements, including the payment of fees associated with any deferred improvements, shall not be required until a permit or other grant of approval for development is issued on the omitted parcel, except where allowed pursuant to paragraph (2) of subdivision (a).

"(c)   The provisions of subdivisions (a) and (b) providing for deferral of the payment of fees associated with any deferred improvements shall not apply if the designated remainder or omitted parcel is included within the boundaries of a benefit assessment district or community facilities district.

"(d)   A designated remainder or any omitted parcel may subsequently be sold without any further requirement of the filing of a parcel map or final map, but the local agency may require a certificate of compliance or conditional certificate of compliance."

Under the general terms of section 66424.6, a "remainder parcel" is not to be counted when determining whether a parcel or final map is to be recorded, and improvements or fees assessed for improvements on the remainder parcel are to be delayed until the remainder parcel is developed. A remainder parcel may either be designated as such on the appropriate subdivision map or omitted entirely from the map. (See §§ 66434 [final map], 66445 [parcel map].) In the example given at the outset, the issue would be whether the undeveloped 15 acres of each of the initial parcels may be designated as remainder parcels or omitted entirely from the requisite tentative and final maps or whether they must be considered as part of the first phase of the development.

In analyzing the language of section 66424.6, we are guided by several well recognized rules of statutory construction. "In construing a statute a court's objective is to ascertain and effectuate the underlying legislative intent." (*Moore* v. *California State Board of Accountancy* (1992) 2 Cal.4th 999, 1012.) "In determining intent, we look first to the language of the statute, giving effect to its `plain meaning.'" (*Kimmel* v. *Goland* (1990) 51 Cal.3d 202, 208.) Both the legislative history of the statute and the wider historical circumstances of its enactment may be considered in ascertaining the legislative intent. (*California Mfrs. Association* v. *Public Utilities Commission* (1979) 24 Cal.3d 836, 844.) "The words of the statute must be construed in context, keeping in mind the statutory purpose, and statutes or statutory sections relating to the same subject must be harmonized, both internally and with each other, to the extent possible. [Citations.]" (*Dyna-Med, Inc.* v. *Fair Employment & Housing Com.* (1987) 43 Cal.3d 1379, 1387.) "When uncertainty arises in a question of statutory interpretation, consideration must be given to the consequences that will flow from a particular interpretation. [Citation.] In this regard, it is presumed the Legislature intended reasonable results consistent with its expressed purpose, not absurd consequences. [Citation.]" (*Harris* v. *Capital Growth Investors XIV* (1991) 52 Cal.3d 1142, 1165-1166.)

Applying these rules, we find that the division of a portion of a unit of land for the purpose of sale, lease, or financing is a "subdivision." (§ 66424.) The portion of the unit that remains, i.e., the area which is not intended to be sold, leased, or financed is the "remainder." While a remainder parcel is thus created by a division of property for the purpose of sale, lease, or financing, the subdivider has no such purpose for the remainder parcel itself. Such construction of section 66424.6, in light of section 66424, is reasonable and effectuates the Legislature's apparent intent.

In the example given above, the proposed subdivision is of portions of three contiguous units of land. Each unit will have a portion that is not intended to be part of the initial phase of the development. We believe that under the language of section 66424.6, a subdivider may designate as a remainder only one portion of a unit; the terms "a remainder" and "that portion" are both singular. However, there is nothing in the statute to suggest that a portion of only one of several units may be so designated. Specifically, the words "a portion of any unit or units" are neither literally nor logically limited either to a portion of any one unit or to a single portion which encompasses territory of more than one unit.

Even without regard to the words "or units" contained in section 66424.6, "a portion of any unit" is not inherently constrained. Thus, the second sentence of subdivision (a) of section 66424.6 provides that ". . . the subdivider may omit entirely that portion of any unit" of land which is not intended to be sold. We have previously observed that the use of the indefinite adjective "any" indicates that the application is without restriction or limitation. (71 Ops.Cal.Atty.Gen. 167, 169 (1988); see *Emmolo* v. *Southern Pacific Company* (1949) 91 Cal.App.2d 87, 92.)

Our reading of section 66424.6 is confirmed by examining the statute's legislative history. The report of the Assembly Committee on Local Government dated April 29, 1991, stated in part with respect to the statute's most recent amendment:

"This bill:

"1) Authorizes a subdivider to designate remainder parcels, which cannot be counted in determining whether a parcel map or final map is required. Prohibits the payment of fees related to their improvement. Allows the remaining parcels to be sold, which may be outside the parcel or final map."

Accordingly, more than one remainder parcel may be designated on a subdivision map if more than one unit of land is being subdivided. There may be one remainder for each unit subdivided.

Here, however, the problem is not the number of remainder parcels which may be shown on the map. Rather, it is that the subdivider is a developer creating a "first phase" of a housing development. The developer's intent is that the three undeveloped portions in the example given will be subdivided in subsequent phases for the purpose of sale. We conclude that a remainder may not be designated when the subdivider intends to subdivide it later for the purposes of sale, lease, or financing.

As previously indicated, a "subdivision" is defined as the division of land "for the purpose of sale, lease or financing, whether immediate or *future*. . . ." (§ 66424; emphasis added.) The proposed remainder parcels in our example will be created by the developer for "future" division and sale. They would thus be part of the initial subdivision as that term is defined in section 66424. As stated in the leading text:

"Because a map is not required on conveyance of the remainder parcel, a subdivider may be tempted to use the parcel to avoid tentative and final map requirements. If, however, the subdivider intends to sell, lease, or finance the remainder parcel (either when the other parcels are subdivided or in the future), the remainder parcel should be considered part of the subdivision and would not qualify under Govt C § 66424.6." (CEB, *supra*, § 3.3, p. 47.)

We find support for this conclusion in the case of *Pescosolido* v. *Smith* (1983) 142 Cal.App.3d 964, where a landowner divided his 37-acre parcel into 7 parts, giving 1 part to each of his 6 children and retaining the 7th. No "sale, lease, or financing" was intended by the landowner at the time of the division. Nevertheless, the court ruled that the division was subject to the Act's provisions:

"We conclude that in order to effectuate the purposes of the Subdivision Map Act, the phrase `For the purpose of sale, . . . whether immediate or future' in the definition provided by Government Code section 66424 must encompass the *ultimate* purpose for which the particular land division is done. In the case of a bona fide gift, if the gift is of a distinct, independently developable and salable parcel, the ultimate purpose -- eventual development and sale -- is revealed by the form of ownership transferred and the intent of the conveyors, a form selected to maximize the market value and marketability of the land conveyed. The fact that the donor does not himself intend to sell the land which is the subject of the gift does not change the ultimate purpose for creating the gift parcel." (*Id*., at p. 972.)

In reaching its decision, the *Pescosolido* court relied upon the often cited case of *Pratt* v. *Adams*, *supra*, 229 Cal.App.3d 602. In *Pratt*, 12 landowners owned 46,000 acres in undivided interests and obtained a court order partitioning their property into 12 parcels. Even though the division was "approved" in the partition proceedings, it was held that the landowners had "caused" the division and thus were subject to the Act's provisions:

"The Subdivision Map Act and the ordinances passed in conformity with it have several salutary purposes, such as: to regulate and control the design and improvement of subdivisions, with proper consideration for their relation to adjoining areas [citations]; to require subdividers to install streets [citations]; to require subdividers to install drains [citations]; to prevent fraud and exploitation [citations].

"These purposes would be defeated if the courts were to recognize avoidance of the statutes by such use of an action in partition as was devised here. . . ." (*Id.*, at pp. 605-606.)

Based upon the language contained in *Pratt* and *Pescosolido*, we believe that it is the substance of a transaction creating a division of property which must be examined to determine if the requirements of the Act are applicable. Here, we have a "first phase" of a development. Orderly community development and protection of the public would be undermined if in the example given the three undeveloped portions of the property were to be designated as remainders or omitted entirely from the requisite subdivision map.[3]

We believe that a remainder parcel is one that is created without the intention to be further divided or sold by the subdivider. In 62 Ops.Cal.Atty.Gen. 246, *supra*, we observed:

"A common practice in California is for a landowner to subdivide a portion of his property, retaining a remainder for his personal residence. For example, an owner of 25 acres of land might subdivide 20 of the acres into 1 acre parcels, and retain 5 acres without intending to further subdivide it."

The classic example of a remainder parcel is the family homestead that is handed down from generation to generation. Of course, at a later time a landowner may change his mind and wish to sell a remainder parcel. Section 66424.6 provides for such a change of intent. Under subdivision (d) of the statute, a sale of a remainder parcel may occur without "the filing of a parcel map or final map, but the local agency may require a certificate of compliance or conditional certificate of compliance."[4]

In answer to the question presented, therefore, we conclude that two or more remainder parcels may not be designated when a developer subdivides portions of more than one parcel for the first phase of a housing development and intends later to subdivide the undeveloped portions for subsequent phases of the development. One remainder parcel may result from the division of each unit of land when creating a subdivision, but no remainder parcels may be designated or omitted from the requisite map if at the time of the division they are intended to be divided in the future for the purpose of sale, lease, or financing.

\* \* \* \* \*

---

[3]A contrary conclusion could allow, for example, a developer to cut in half 20 contiguous 10-acre parcels and thereafter sell the 20 remainder parcels without surveying them or filing a subdivision map for them. It cannot be seriously argued that such possible result was the intent of the Legislature in enacting section 66424.6.

[4]A certificate of compliance or a conditional certificate of compliance (§ 66499.35) is issued by a local agency to indicate that a property complies with the provisions of the Act and the local ordinances enacted pursuant thereto. (See 74 Ops.Cal.Atty.Gen. 149 (1991).)